Form CGFI20a  (1/13/10)



**ORDERED in the Southern District of Florida on January 27, 2010**



**John K Olson**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

In re:

**Name of Debtor(s):** TOUSA, Inc.

**Case Number:** 08–10928–JKO

‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒/

**TOUSA Homes, Inc.**

Plaintiff(s)

**VS.**

**Adversary Number:** 10–01306–JKO

**Bath, Inc.**

Defendant(s)

‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒/

## ORDER ESTABLISHING PROCEDURES AND DEADLINES FOR "TRACK I" ADVERSARY PROCEEDINGS

 To expedite and facilitate the trials of Track I adversary proceedings, and pursuant to Local Rule 7016–1(B) of this court, it is:

**ORDERED** as follows:

1. **DISCLOSURES.** Except as otherwise ordered by the court, Rules 26(d) and 26(f), Fed.R.Civ.P., shall not apply to Track I adversary proceedings. The disclosure requirements of Rules 26(a)(1),(2), and (3), Fed.R.Civ.P., shall apply, but according to the deadlines set forth as follows:

*Page 1 of 6*

A. The initial disclosures of witnesses and documents required by Rule 26(a)(1), Fed.R.Civ.P., shall be made at least 155 days before the pretrial conference.

B. The disclosure of expert testimony under Rule 26(a)(2), Fed.R.Civ.P., shall be made at least 115 days before the pretrial conference. The party disclosing an expert witness shall, within ten days of the disclosure, but in no event less than five days before the pretrial conference, provide a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed.R.Civ.P.

C. The pretrial disclosures under Rule 26(a)(3), Fed.R.Civ.P., shall be provided at or before any pretrial conference held in Track I adversary proceedings and shall be incorporated in the joint pretrial order.

D. All disclosures under Rules 26(a)(1) and 26(a)(2), Fed.R.Civ.P., shall be made in writing, signed by counsel of record, served, and, except for copies of the exhibits, shall be filed with the court. The disclosures under Rule 26(a)(3) shall be incorporated in the joint pretrial order. However, written reports prepared by expert witnesses shall not be filed with the court unless otherwise ordered.

2. **PRETRIAL ORDER.** Plaintiff shall bring to the pretrial conference a pretrial order that substantially conforms to Local Form 63A. If a counterclaim has been filed, counterplaintiff shall bring to the pretrial conference a separate pretrial order that substantially conforms to Local Form 63A.

3. **DUTY OF PLAINTIFF AND COUNTERPLAINTIFF.** It shall be the duty of plaintiff (and counterplaintiff, if a counterclaim has been filed) to prepare and sign a proposed pretrial order and to furnish the proposed draft to all other parties at least seven days prior to the pretrial conference. The proposed pretrial order shall be complete in all respects except for the other parties' lists of exhibits and witnesses.

4. **DUTY OF PARTIES OTHER THAN PLAINTIFF AND COUNTERPLAINTIFF.** Within three business days following receipt of the proposed pretrial order, it shall be the duty of each other party to do the following:

A. If the proposed draft is acceptable, to sign and return the signature page to plaintiff (or counterplaintiff) together with that party's list of exhibits and witnesses.

B. If the proposed draft is not acceptable, to immediately meet with or telephone plaintiff (or counterplaintiff) in a good faith effort to complete a pretrial order.

5. **UNILATERAL STATEMENTS.** Unilateral pretrial statements shall not be filed.

6. **FAILURE TO COMPLY WITH PRETRIAL REQUIREMENTS.** If the acts required by this order, including submission of the pretrial order, are not completed by the deadlines provided in this order, the court may do any or all of the following:

A. Award monetary sanctions including attorney's fees against the party at fault; and

B. Award non–monetary sanctions against the party at fault, which may include the entry of a judgment of dismissal or the entry of an order striking the answer and entering a default.

7. **DISCOVERY.** All discovery shall be completed by no later than 60 days before the pretrial conference. The court will allow discovery after that date only upon a showing of good cause and exceptional circumstances. At the pretrial conference the parties shall advise the court of any anticipated material evidentiary objections.

8. **MEDIATION.** The Court has determined that each Track I adversary proceeding should be referred to a mandatory mediation conference (the "Mediation Conference") to be completed no later than 5 days before the commencement of discovery. As promptly as possible, the Plaintiff shall initiate the scheduling of the Mediation Conference.

   A. **PARTICIPATION IN MEDIATION.** All parties to each Track I adversary proceeding are required to participate in the Mediation Conference. Plaintiff's counsel, in conjunction with counsel to Defendant(s), or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the Mediation Conference.

   B. **CHOICE OF MEDIATOR.** The parties will jointly select the mediator from a list of mediators pre–selected by the Court to handle these adversary proceedings.

   C. **THE MEDIATION CONFERENCE.** Upon consultation with the parties and their counsel, the mediator shall fix a reasonable time and place for the mediation conference, except as otherwise agreed by the parties or by order of the court, and shall give the parties at least 14 days advance written notice of the Mediation Conference. All Mediation Conferences shall take place in Fort Lauderdale, Florida, unless otherwise agreed to by the parties and the mediator. Each party shall participate in the Mediation Conference in good faith, and should ensure that a representative is present at the Mediation Conference with full authority to enter into full and complete compromise and settlement is mandatory. The mediator shall report to the court willful failure to attend the mediation conference or to participate in the mediation process in good faith, which failure may result in the imposition of sanctions by the court.

   D. **POST–MEDIATION PROCEDURES.** Within seven days after the mediation conference, the mediator shall file the Local Form "Report of Mediator" required by Local Rule 9019–2(E). In the event there is an impasse, the mediator shall report that there is a lack of agreement, with no further comment or recommendation, and the matter will be tried as scheduled. If agreement regarding the disposition of the matter or proceeding is reached, the parties will comply with the settlement procedures established by this Court's Order approving the Preference Settlement Motion (as defined in the Motion) entered on July 14, 2009 [D.E. # 2979], and as more fully described in paragraph 18 below.

9. **TRIAL DATE.** The trial of this proceeding will be set by the court at the pretrial conference.

10. **SPECIAL SETTINGS.** If the attorney(s) trying the case are from outside this district, or the parties or witnesses are from outside this district, or if some other special reason exists that justifies a request to the court to specially set trial at a time or date certain, counsel should include a request for a special setting in the pretrial order and seek relief at the pretrial conference.

11. **DOCUMENTS REQUIRED BEFORE TRIAL.**

   A. No later than 4:00 p.m. four business days prior to trial, each party shall (i) serve on opposing counsel and (ii) furnish to the judge's chambers (but not file) the following documents:

      (1) A set of pre–marked exhibits intended to be offered as evidence at trial. Plaintiff(s)'s exhibits shall be marked numerically, and defendant(s)' exhibits shall be marked alphabetically. Exhibits shall be bound in a notebook or folder with tabs marking each exhibit, and shall be accompanied by an Exhibit Register conforming to Local Form 49. Sufficient copies must be provided so that a set is available for each party, the witnesses, and the judge, as required by Local Rule 9070–1.

    (2)   A copy of any summary which that party will offer in evidence at the trial, together with a notice of the location of the books, records, and the like of which the summary has been made and the reasonable times when they may be inspected and copied by adverse parties.

B.  Each party shall file and serve the following documents no later than 4:00 p.m. two business days prior to trial:

    (1)   Any written opening statement the party wishes the court to read before the trial begins. Oral opening statements normally will not be permitted at trials.

    (2)   Unless otherwise ordered, any objection to the use of a disclosed transcript, to the admissibility of a proposed exhibit, or to all or part of a summary. The objection must (i) identify the transcript or exhibit subject to the objection, (ii) identify the grounds for the objection, and (iii) provide full citations to all case decisions and other authority in support of the objection. <u>Failure to timely object to a transcript, exhibit, or all or any part of a summary will be deemed a waiver of any objection and consent to admissibility at trial.</u> All motions in limine and other evidentiary objections will be argued prior to the start of the scheduled trial, other than those that arise during the course of trial.

12.   **<u>COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.</u>** All papers, including exhibits, submitted to the Court must comply with the federal judiciary privacy policy as referenced under Local Rule 5005–1(A)(2). Specifically, filers are responsible for redacting Social Security numbers, taxpayer–identification number, dates of birth, financial account numbers, and names of minor children from any documents submitted to the court.

13.   **<u>FINAL ARGUMENT.</u>** At the conclusion of the trial, the Court, in lieu of final argument, may request that each party electronically submit a Proposed Memorandum Opinion with findings of fact and conclusions of law and a separate proposed Final Judgment, in word processing format, to an electronic mailbox designated by the Court. If electronically submitted, the filer must include in the "subject" line the case name and number and the date of the hearing from which the document emanated.

14.   **<u>SWORN DECLARATIONS.</u>** Unless otherwise ordered, the direct testimony of all witnesses, except adverse, hostile, or rebuttal witnesses, shall be presented by sworn declarations consisting of a succinct written statement of the direct testimony which that witness would be prepared to give if questions were propounded in the usual fashion at trial.

A.  Each statement of fact shall be separate, sequentially numbered, and shall contain only facts that are relevant and material to the contested issue before the court, avoiding redundancies, hearsay, and other obviously objectionable statements.

B.  The statement shall be signed under penalty of perjury by the declarant and shall substantially conform to Local Form 63B. Such statements may be referenced as the witness's "sworn declaration of fact."

C.  The original sworn declarations shall be marked as exhibits and filed and served at least two business day prior to trial.

D.  Objections to any portions of the statements may be raised at the time the sworn declaration of each respective witness is offered to the Court. The witness shall then be sworn and asked if the statement correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Assuming an affirmative answer, opposing counsel may then cross–examine the witness. At the conclusion of cross–examination, the party whose witness is on the stand may conduct oral redirect examination in the usual manner.

15. **DISPOSITIVE MOTIONS.** All motions to dismiss and motions for summary judgment must be filed and served no later than 30 days before the pretrial conference. Absent good cause and exceptional circumstances, failure to timely file and serve such a dispositive motion shall constitute waiver of the right to do so.

16. All motions and other matters concerning Track I adversary proceedings will be heard only on one of the following hearing dates (an "Omnibus Hearing"):

> May 4, 2010 at 9:30 a.m.
> June 7, 2010 at 9:30 a.m.
> July 8, 2010 at 9:30 a.m.
> August 12, 2010 at 9:30 a.m.
> September 8, 2010 at 9:30 a.m.
> November 4, 2010 at 9:30 a.m.
> December 2, 2010 at 9:30 a.m.
> January 6, 2011 at 9:30 a.m.
> February 3, 2011 at 9:30 a.m.
> March 3, 2011 at 9:30 a.m.

In accordance with Local Rule 9073–1, the Clerk's Office shall set motions on the date of the upcoming Omnibus Hearing no less than fifteen (15) days after the next filing of the request for relief.

17. A defendant should not appear at an Omnibus Hearing unless (a) a motion pertaining to the defendant's Track I adversary proceeding is calendared to be considered at the Omnibus Hearing; (b) the Court has directed the Defendant to appear; or (c) the plaintiff has provided the defendant five days prior written notice by email, telecopy or overnight courier of the need to appear at an Omnibus Hearing.

18. **SETTLEMENT.** The Debtors will timely appraise the Court of all Track I adversary proceedings that are settled in accordance with the Order approving the Preference Settlement Motion (as defined in the Motion) entered on July 14, 2009 [D.E. # 2979]. Upon such notification, the Debtors will submit, and the Court will enter, an order dismissing the respective adversary proceedings.

19. **DEFAULT.** If any defendant fails to timely answer or otherwise respond to the complaint, the plaintiff shall promptly seek entry of a clerk's default pursuant to Bankruptcy Rule 7055(a), and Local Rule 7055–1, and shall move for default judgment prior to the pretrial conference. If no motion for default judgment has been filed prior to the pretrial conference, plaintiff's counsel shall appear at the pretrial conference.

20. **SANCTIONS.** Failure to appear at the pretrial conference or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

21. Pursuant to Local Rule 9010–1(B)(1), a corporation, partnership, trust, or other business entity cannot appear or act on its own behalf without an attorney in an adversary proceeding, except to file a request for service of notices pursuant to Bankruptcy Rule 2002, a proof of claim, notices filed under Local Rule 3070–1(B), a response to an objection to its claim, or a ballot, or to attend and inquire at the meeting of creditors held under 11 U.S.C. §341. Any answer or other pleading filed in violation of this rule will be stricken.

22. All papers, including exhibits, submitted to the court must comply with the federal judiciary privacy policy as referenced under Local Rule 5005–1(A)(2). Specifically, filers are responsible for redacting Social Security numbers, dates of birth, financial account numbers, and names of minor children from any documents submitted to the court.

23.     All parties are required to comply with the Bankruptcy Court's Administrative Procedures for Electronic Case Filing which can be found on the Bankruptcy Court's website at www.flsb.uscourts.gov.

24.     All procedural matters in Track I proceedings not specifically addressed in this order are governed by applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of Florida.

25.     This order does not shorten any applicable statute of limitations pertaining to the Debtors' rights to bring avoidance actions.

26.     Nothing in this order limits the Debtors' ability to pursue avoidance actions against entities that are not subject to this order.

27.     **CONTINUANCES.** Nothing in this order shall preclude any party in the Track I adversary proceedings from seeking extensions of time beyond the deadlines set forth in this order. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion filed no later than two business days before the pretrial conference. The motion must set forth the status of the litigation, including exchange of initial disclosures and status of discovery, and must include the reasons why the parties seeks a continuance. Any motion to continue shall be heard at such time as the court determines, but no later than the pretrial conference.

28.     **SERVICE.** Plaintiff's counsel shall serve a copy of this order on the defendant with the summons and complaint.

*# # #*

*Page 6 of 6*